IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAR HASAN,<br><br>Defendant.<br>_____ / | No. CR 09-1027 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER** |

On November 20, 2009, the Court heard argument on defendant's motion for revocation of the detention order previously issued in this matter by Magistrate Judge Nandor Vadas. Having considered the arguments of counsel and the papers submitted, and for good cause appearing, the Court hereby GRANTS defendant's motion and orders that defendant be released on the conditions recommended by U.S. Pretrial Services. The Court also finds it appropriate to impose as a condition of release that defendant participate in outpatient drug counseling.

**BACKGROUND**

On October 8, 2009, defendant was arrested after police officers searched a vehicle that defendant was driving and found a loaded firearm in the trunk. Defendant was driving a vehicle that his girlfriend had rented, and defendant's girlfriend was with him at the time of the incident. According to the police report of the incident, officers conducted a random records check on the vehicle and were notified that the car was reported as stolen. Officers followed the car until it was parked, and then officers detained defendant and his girlfriend after they exited the car. Officers searched the vehicle and found a loaded firearm in a plastic bag in a larger bag in the trunk. According to the police report,

defendant made a spontaneous statement that the firearm was his, and not his girlfriend's, and made a full confession at the police station.

Defendant's case originally proceeded in state court, and then on October 28, 2009, defendant was brought to federal court and arraigned on an indictment charging him with a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Defendant's felon in possession charge is based on a 2005 felony conviction for robbery. Defendant was provided with a detention hearing on November 5, 2009. U.S. Pretrial Services recommended that defendant be released on a $25,000 unsecured bond co-signed by his grandmother and secured by $1,000 cash, along with a number of special conditions, including that defendant reside at a halfway house and participate in drug, alcohol and/or mental health counseling. At the detention hearing, Judge Vadas found that defendant presented both a danger to the community and a risk of flight. Accordingly, he ordered him detained before trial. Defendant now seeks review of that order.

## LEGAL STANDARD

Under 18 U.S.C. § 3145(b), a criminal defendant is entitled to have a magistrate judge's detention order reviewed by "the court having original jurisdiction over the offense." 18 U.S.C. § 3145(b). This Court reviews Judge Vadas' detention order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).

18 U.S.C. § 3142 governs pretrial detention of criminal defendants. Under the procedures set forth in the statute, criminal defendants are ordinarily entitled to go free before trial. *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) In "rare circumstances," however, a court may order a defendant detained pending trial. *Id.* These circumstances are limited to those in which a judge finds that "no condition or combination of conditions" will (1) "reasonably assure" the appearance of the person at trial, and (2) "reasonably assure" the safety of the community. 18 U.S.C. § 3142(e). In this case, the government bears the burden of proving by a preponderance of the evidence that no condition can reasonably assure defendant's appearance, and of proving by clear and convincing evidence that no condition can reasonably assure that defendant will not present a danger to the community. *See* 18 U.S.C. § 3142(f) ("The facts the judicial officer uses to support a finding . . . that no condition or

combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."); *Motamedi*, 767 F.2d at 1407 ("[T]he Government's burden in denying bail on the basis of flight risk is that of the preponderance of the evidence . . . ."). In determining whether either circumstance exists, the Court is required to take into account the following:

> (1) The nature and circumstances of the offense charged . . .;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

**DISCUSSION**

Judge Vadas found that defendant presented both a risk of flight and a danger to the community and therefore ordered him detained. The government contends that these findings are supported because of defendant's prior criminal history from 2001 to 2006 (when defendant was 15-19 years old), defendant's poor performance on probation in 2006, and the weight of the evidence against him in this case. The government also emphasizes the seriousness of the current crime, which carries a maximum term of imprisonment of 10 years.

The Court finds that the government has not met its burden to show by clear and convincing evidence that no condition or combination of conditions of release can reasonably assure the community against the danger that defendant would present while on release, or by a preponderance of evidence that

3

defendant presents a risk of flight. While defendant's prior criminal history and failure to comply with the terms of his probation in 2006 gives the Court pause, the Court also finds it significant that those events occurred several years ago when defendant was a teenager. Defendant states that the near-fatal shooting of his mother in 2006 was a life-changing event, and that after his mother almost died he turned his life around and successfully and without incident completed his probation from 2007 to 2009, successfully terminating probation in January, 2009. Defendant states that for the last several years he has been working part-time for an uncle, and shortly before he was arrested defendant had picked up a job application, and he had a job application in the vehicle at the time of the arrest. At the time of the current arrest, defendant was not on probation, parole, or any kind of release pending trial, sentencing, appeal or completion of sentence for an offense, which is one of the § 3142(g)(3) factors for consideration. Although 18 U.S.C. § 922(g)(1) is a serious crime, it is not a crime of violence that triggers a presumption of danger to the community or flight risk. Defendant also has strong family ties and has lived primarily with his father and younger siblings. Defendant is also helping to raise his 15 year old brother.

For these reasons, the Court concludes that the government has not met its burden to show that pretrial detention is warranted, and the Court is satisfied that the conditions of release recommended by U.S. Pretrial Services, along with the requirement that defendant participate in outpatient drug counseling, sufficiently address any concerns raised by defendant's prior criminal history.

## CONCLUSION

For the foregoing reasons and good cause shown, the Court agrees with the U. S. Pretrial Services recommendation and hereby GRANTS defendant's motion (Docket No. 10).

**IT IS SO ORDERED.**

Dated: November 24, 2009

SUSAN ILLSTON
United States District Judge

4