UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>OMAR HASAN,<br><br>    Defendant. | Case No. CR 09-1027 SI<br><br>**ORDER** |

INTRODUCTION

The court issues this order to document its release order, to set this matter (with the parties' agreement) on the district court's calendar on Friday, February 22, 2013, at 11 a.m. for a hearing on the government's appeal of the release decision, and to stay its release order to allow the district court to hear the government's appeal.

ANALYSIS

I. RELEASE ORDER AND STAY

The undersigned held four detention hearings in this case on January 25, January 28, January 30, 2013, and ordered Mr. Hasan detained (although it allowed Mr. Hasan to be released for the day on Thursday, January 31, 2013, so that he could attend an interview). The court ordered Mr. Hasan released on February 21, 2013 on the same conditions of supervision and added the additional conditions reflected on the attached bond form: home detention with electronic

ORDER (CR 09-1027 SI)

monitoring and the ability to leave his home for appointments only if approved by his probation officer. The court also added Mr. Hasan's significant other, Lillian Posey, as a surety, and added her as a custodian. As the court does with all sureties and custodians, it advised Ms. Posey (who works at BCBG Max Azaria) of the charges, the penalties, and all the terms of supervision, and it discussed with her the serious promises of a custodian (which here were articulated as working with Ms. Romero, helping Mr. Hasan get to and from his authorized appointments, and informing probation of any violations under penalty of being held in civil or criminal contempt) and obligations of a surety (judgment against her personally in the amount of $25,000). The court's view is that these additional conditions provide the assurances and satisfy by clear and convincing evidence that Mr. Hasan is not likely to flee or pose a danger. *See* 18 U.S.C. § 3439(a))(1).

The additional conditions are reflected on the attached bond form.

The government notified the parties that it intends to appeal the decision and asked for a stay. The parties agreed that they would set the matter on the district court's calendar for February 22, 2013 at 11 a.m. To facilitate the U.S. Marshal's transportation of Mr. Hasan, the court sets the hearing because if it does not, Mr. Hasan will not be here if the defense determines that it wants to go forward on February 22, 2013. The court also stays its release order until after the hearing. The one issue is that Ms. Romero was not available on Friday. It may be that she can send someone else familiar with the case (such as Robert Tenney) and that will be sufficient. If not, the parties should work with the district court to set a different date, and the court's stay will remain in effect until then.

II. OTHER CONSIDERATIONS

The court previously issued an order documenting some of the considerations about its release decision. *See* 1/31/13 Order, ECF No. 65. The following are some of those considerations and more.

*First*, as the government pointed out in its filing at ECF No. 63, and as the pending Form 12 illustrates, Mr. Hasan has struggled throughout his supervision (pre-trial and post-conviction), and the government and the probation officer justifiably have concerns about Mr. Hasan. The allegations here involve conduct that Mr. Hasan had complete control over: reporting to his

ORDER (CR 09-1027 SI)

1  probation officer, submitting monthly reports, attending therapy and testing, and attending his
2  probation appointments. In fact, Mr. Hasan stopped showing up at all.
3      *Second*, at the government's request, the court efiled at ECF No. 69 the government's list of
4  Mr. Hasan's failures to comply with the terms of his supervision. As the court said at the
5  hearings, all of the government's arguments are fair, but they are not a complete capture of Mr.
6  Hasan's struggles (and some successes) on supervision.
7      *Third*, the court's view is that when Mr. Hasan enrolls in his training program, things will
8  change. Employment, job skills, and finishing a project are all things that Mr. Hasan has not
9  achieved. The court's view is that in the interim, Mr. Hasan needs to work on the list attached to
10 the court's previous order, have a complete psych evaluation (as Ms. Halbert contemplates),
11 working on the funding for his training, and establish a better working relationship with his
12 probation officer. After a month in custody, the court's view – at least from the standpoint of a
13 bail decision – are that the additional conditions will enable him to comply with his supervision
14 conditions and work on his employment.
15     **IT IS SO ORDERED.**
16 Dated: February 21, 2013

                                    _____
                                    LAUREL BEELER
                                    United States Magistrate Judge

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | ORDER SETTING CONDITONS OF RELEASE AND APPEARNCE BOND | DATE 2/21/2013 | CASE NUMBER CR 09-1027 SI |
|---|---|---|---|

| NAME OF DEFENDANT | ADDRESS OF DEFENDANT | TELEPHONE NUMBER |
|---|---|---|
| Omar Hasan | 1535 Revere St. | 415 822 2278 |

| NAME OF SURETY / Custodian | RELATIONSHIP TO DEFENDANT | ADDRESS OF SURETY | TELEPHONE NUMBER |
|---|---|---|---|
| Lillian Posey | Girlfriend | 1935 Sutter Street | (415) 724-3358 |

| AMOUNT OF BOND | ☒ UNSECURED | ☐ SECURED BY | ☐ DEPOSIT RECEIVED RECEIVED FROM: | OTHER SECURITY POSTED TO BE POSTED BY: | TIME/DATE OF NEXT APPEARANCE | COURTROOM/JUDGE |
|---|---|---|---|---|---|---|
| $25,000 | P/R | $ | | | 3/8/2013 @ 11:00 a.m. | SI |

## CONDITIONS OF RELEASE AND APPEARANCE

Defendant is subject to each condition checked.

☒ Defendant shall appear at all proceedings as ordered by the Court and shall surrender for service of any sentence imposed.
☒ Defendant shall not commit any federal, state, or local crime.
☒ Defendant shall not harass, threaten, intimidate, injure, tamper with, or retaliate against any witness, victim, informant, juror, or officer of the Court, or obstruct any criminal investigation. See 18 U.S.C. 1503, 1510, 1512, and 1513, on reverse side.
☐ Defendant shall not travel outside the Northern District of California, that is, these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma. See map on reverse side.
☐ Defendant shall report in person immediately upon release and thereafter as directed to Pretrial Services in _____. See addresses and telephone numbers on reverse side.
☐ Defendant shall surrender all passports and visas to Pretrial Services by _____ and shall not apply for any passports or other travel documents.
☐ Defendant shall not possess any firearm, destructive device, or other dangerous weapon.
☒ Defendant shall remain in the custody of custodian __Lillian Posey__ at __1535 Revere St SF, CA__, who agrees to supervise him/her and to report any violation of a release condition to Pretrial Services. A custodian who fails to do so may be prosecuted for contempt.
☐ Defendant shall participate in (drug) (alcohol) (mental health) counseling, and submit to (drug) (alcohol) testing, as directed by Pretrial Services.
☐ Defendant shall not use alcohol to excess and shall not use or possess any narcotic or other controlled substance without a legal prescription.
☐ The Defendant shall maintain current verifiable employment, or, if unemployed, the defendant shall seek employment or commence an educational program as directed by Pretrial Services.
☐ Defendant shall submit to a warrantless search of his/her person, place of residence and vehicle at the direction of Pretrial Services.
☐ Defendant shall have no contact with any co-defendant out of the presence of counsel.
☒ Defendant shall not change residence without prior approval of Pretrial Services.
☒ Defendant shall comply with the following curfew: _____ to _____.
☒ Defendant shall be subject to electronic or voice track monitoring. Defendant may leave home for the purpose of __appointments only as directed by the probation officer.__
☐ Defendant must ☐ reside in Halfway House _____ ☐ participate in Residential Treatment _____
☐ The following conditions also apply:

Defendant placed on Home Detention.

Defendant shall contribute to the cost of services provided by Pretrial Services as directed by Pretrial Services.

## CONSEQUENCES OF DEFENDANT'S FAILURE TO OBEY CONDITIONS OF RELEASE

Payment of the full amount of this bond shall be due forthwith, and all cash or property posted to secure it shall be forfeited. Judgment may be entered and executed against defendant and all sureties jointly and severally.

An arrest warrant for defendant shall issue immediately, and defendant may be detained without bail for the rest of the proceedings.

Defendant shall be subject to consecutive sentences and fines for failure to appear and/or for commiting an offense while on release. See 18 U.S.C. 3146 and 3147, on reverse side.

We, the undersigned, have read and understand the terms of this bond and acknowledge that we are bound by it until duly exonerated.

| SIGNATURE OF DEFENDANT X [signature] | SIGNATURE(s) OF SURETY(ies) X [signature] | |
|---|---|---|
| SIGNATURE OF CUSTODIAN X [signature] | X [signature] SIGNATURE OF MAGISTRATE JUDGE | DATE 2/21/13 |
| THIS ORDER AUTHORIZES THE MARSHAL TO RELEASE DEFENDANT FROM CUSTODY. ▶ | | 2/21/13 |

1-CLERK OF COURT-WHITE COPY